MERRILL LYNCH, PIERCE, FENNER AND SMITH, INCORPORATED, a corporation organized and existing under the laws of the State of Delaware with its principal place of business in New York, New York, Plaintiff–Appellee,

v.

ENC CORPORATION; Suntrust Investment Co., S.A., a corporation organized and existing under the laws of Switzerland with an address at rue de Jargonnant 2, P.O. Box 76, 1211 Geneva 6, Switzerland; John K. Burns, a citizen of the United States, with an address at 300 Wacker Drive, Suite, 900, Chicago, Illinois, 60606; The Estate of Ferdinand E. Marcos; Imelda R. Marcos; Ferdinand R. Marcos, Jr.; Maria Imelda Marcos; Irene Marcos Araneta; Frontier Risk Capital Management, L.C.C., a limited liability company organized and existing under the laws of the State of Nevada, with a registered office at 6100 Neil Road, Suite 500, Reno, NV. 89511 and an address at 300 Wacker Drive, Suite 900, Chicago, IL 60606; Grosvenor Capital Ltd., a company organized and existing under the law of the United Kingdom, with an address at Grosvenor Gardens House, Suite 117, 35–37 Grosvenor Gardens, London SW1 W OBS, United Kingdom; The Estate of Roger Roxas; Golden Budha Corporation, a corporation organized and existing under the laws of the State of Georgia, with a registered office at 710 West First Street, Blue Ridge, Georgia 30513, and a mailing address at 260 Carrollton St., Buchanan, GA 30113, Defendants,

and

Arelma, Inc., a corporation organized and existing under the laws of Panama with a permanent address at Ave. Justo Alosemena y Calle 41 Este, No. 40–59 Pte al Colegio Immeculada, Panama 1.Rep.de Panama, and a mailing address at c/o Suntrust Investment Co.S.A., rue de Jargonnant 2, P.O. Box 76, 1211 Geneva 6, Switzerland, Defendant–Appellant,

Mariano J. Pimentel, on behalf of himself and all other persons similarly situated, Defendant–Appellee,

Philippine National Bank, Defendant–Appellant.

Merrill Lynch, Pierce, Fenner and Smith, Incorporated, a corporation organized and existing under the laws of the State of Delaware with its principal place of business in New York, New York, Plaintiff–Appellee,

ENC Corporation; Arelma, Inc., a corporation organized and existing under the laws of Panama with a permanent address at Ave. Justo Alosemena y Calle 41 Este, No. 40–59 Pte al Colegio Immeculada, Panama 1.Rep.de Panama, and a mailing address at c/o Suntrust Investment Co.S.A., rue de Jargonnant 2, P.O. Box 76, 1211 Geneva 6, Switzerland; Suntrust Investment Co., S.A., a corporation organized and existing under the laws of Switzerland with an address at rue de Jargonnant 2, P.O. Box 76, 1211 Geneva 6, Switzerland; John K. Burns, a citizen of the United States, with an address at 300 Wacker Drive, Suite, 900, Chicago, Illinois, 60606; The Estate of Ferdinand E. Marcos; Imelda R. Marcos; Ferdinand R. Marcos, Jr.; Maria Imelda Marcos; Irene Marcos Araneta; Frontier Risk Capital Management, L.C.C.,

a limited liability company organized and existing under the laws of the State of Nevada, with a registered office at 6100 Neil Road, Suite 500, Reno, NV. 89511 and an address at 300 Wacker Drive, Suite 900, Chicago, IL 60606; Grosvenor Capital Ltd., a company organized and existing under the law of the United Kingdom, with an address at Grosvenor Gardens House, Suite 117, 35–37 Grosvenor Gardens, London SW1 W OBS, United Kingdom; The Estate of Roger Roxas; Golden Budha Corporation, a corporation organized and existing under the laws of the State of Georgia, with a registered office at 710 West First Street, Blue Ridge, Georgia 30513, and a mailing address at 260 Carrollton St., Buchanan, GA 30113; Philippine National Bank, Defendants,

and

Mariano J. Pimentel, on behalf of himself and all other persons similarly situated, Defendant–Appellee,

Republic of the Philippines; Presidential Commission on Good Government, a government agency of the Republic of the Philippines, Defendants–Appellants.

Merrill Lynch, Pierce, Fenner and Smith, Incorporated, a corporation organized and existing under the laws of the State of Delaware with its principal place of business in New York, New York, Plaintiff–Appellee,

v.

ENC Corporation; Arelma, Inc., a corporation organized and existing under the laws of Panama with a permanent address at Ave. Justo Alosemena y Calle 41 Este, No. 40–59 Pte al Colegio Immeculada, Panama 1.Rep.de Panama, and a mailing address at c/o Suntrust Investment Co.S.A., rue de Jargonnant 2, P.O. Box 76, 1211 Geneva 6, Switzerland; Suntrust Investment Co., S.A., a corporation organized and existing under the laws of Switzerland with an address at rue de Jargonnant 2, P.O. Box 76, 1211 Geneva 6, Switzerland; John K. Burns, a citizen of the United States, with an address at 300 Wacker Drive, Suite, 900, Chicago, Illinois, 60606; The Estate of Ferdinand E. Marcos; Imelda R. Marcos; Ferdinand R. Marcos, Jr.; Maria Imelda Marcos; Irene Marcos Araneta; Frontier Risk Capital Management, L.C.C., a limited liability company organized and existing under the laws of the State of Nevada, with a registered office at 6100 Neil Road, Suite 500, Reno, NV. 89511 and an address at 300 Wacker Drive, Suite 900, Chicago, IL 60606; Grosvenor Capital Ltd., a company organized and existing under the law of the United Kingdom, with an address at Grosvenor Gardens House, Suite 117, 35–37 Grosvenor Gardens, London SW1 W OBS, United Kingdom; Philippine National Bank; Republic of the Philippines; Presidential Commission on Good Government, a government agency of the Republic of the Philippines, Defendants,

and

The Estate of Roger Roxas; Golden Budha Corporation, a corporation organized and existing under the laws of the State of Georgia, with a registered office at 710 West First Street, Blue Ridge, Georgia 30513, and a mailing address at 260 Carrollton St., Buchanan, GA 30113, Defendants–Appellants,

Mariano J. Pimentel, on behalf of himself and all other persons similarly situated, Defendant–Appellee.

Nos. 04–16401, 04–16503, 04–16538.

United States Court of Appeals, Ninth Circuit.

Nov. 3, 2006.

Jeffrey S. Portnoy, Esq., Cades, Schutte, Fleming & Wright, Honolulu, HI, for Plaintiff–Appellee.

Andrew V. Beaman, Esq., New York, NY, Chun, Kerr, Dodd, Beaman & Wong, William C. McCorriston, Esq., McCorriston Miller Mukai Mackinnon LLP, Attorney at Law, Honolulu, HI, Terry R. Grimm, Winston & Strawn LLP, Chicago, IL, for Defendants.

A. Robert Pietrzak, Esq., Sidley Austin Brown & Wood LLP, New York, NY, for Defendant/Plaintiff–Appellee.

Barry A. Smith, Buchalter Nemer Fields & Younger, Daniel C. Cathcart, Esq., Magana, Cathcart & McCarthy, Los Angeles, CA, Carol A. Eblen, Esq., Honolulu, HI, for Defendant/Defendant–Appellant.

Robert A. Swift, Esq., Kohn Swift & Graf, PC, Philadelphia, PA, for Defendant–Appellee.

Stephen V. Bomse, Esq., Heller Ehrman LLP, San Francisco, CA, Matthew J. Viola, Esq., Law Office of Matthew J. Viola, Alexander T. MacLaren, Esq., Ward D. Jones, Esq., Bervar & Jones, Honolulu, HI, Richard Cashman, Heller Ehrmann LLP, New York, NY, for Defendant–Appellant.

* The Honorable James L. Robart, United States District Judge for the Western District of

Before JOHN T. NOONAN, SIDNEY R. THOMAS, Circuit Judges, and JAMES L. ROBART,* District Judge.

## ORDER

The panel has voted to deny the petitions for rehearing. Judge Thomas has voted to deny the petitions for rehearing en banc and to deny any further petitions, and Judge Noonan and Judge Robart so recommend.

Petitioners' fears of *res judicata* are baseless.

The Republic's claims of prejudice under Rule 19(b) are without merit, because its suit to recover the Arelma assets in the Philippines is a forfeiture action, one which a unanimous *en banc* Philippine Supreme Court has "categorically declared" is *in rem. Rep. of the Phil. v. Sandiganbayan,* (Nov. 18, 2003). The Republic has no jurisdiction over the *rem,* which is in the United States, and any judgment made without proper jurisdiction is unenforceable in the United States. Restatement (Third) of the Foreign Relations Law of the United States, § 482(2)(a) (1987).

Petitioner also omits the crucial language in *American Greyhound, see* Pet. Reh'g at 6, which reads, "some courts have held that sovereign immunity forecloses in favor of tribes the entire balancing process under Rule 19(b), but we have continued to follow the four-factor process even with immune tribes." *Am. Greyhound Racing, Inc. v. Hull,* 305 F.3d 1015, 1025 (9th Cir.2002).

The full court has been advised of the petitions for rehearing en banc, and no active judge has requested a vote whether to rehear the matter en banc. Fed. R.App. P. 35.

Washington, sitting by designation.

The petitions for rehearing en banc are DENIED.